**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JOSEPH MCPEEK,**

    **Plaintiff,**

**vs.**                                                     **Case No. 5:25cv74-TKW-MAF**

**WALMART, INC.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Defendant filed a notice of removal, ECF No. 1, in March 2025. Subsequently, an Order was entered, ECF No. 17, granting the Defendant's motion to compel arbitration and stay this proceeding, ECF No. 10.  The stay was entered on September 30, 2025, and required the parties to file a status update concerning the arbitration proceedings and the necessity of continuing the stay of this case.  ECF No. 17.

The first status update was due to be filed no later than January 28, 2026, and every four months thereafter.  *Id.*  The Order made clear that because Plaintiff bore the responsibility to prosecute this action, the failure to comply with that Order and file a status update would "be deemed to be

an abandonment of this action." *Id.* When an update was not filed by February 2, 2026, an Order to Show Cause was entered. ECF No. 18. That Order reiterated Plaintiff's obligation to prosecute this case and gave Plaintiff until **February 17, 2026**, "to show good cause for his failure to file the status update." ECF No. 18. In addition, Plaintiff was required to "demonstrate that this case should continue and clarify the status of the arbitration proceedings." *Id.*

Plaintiff has now failed to respond to that Order to Show Cause. Plaintiff has not provided any information concerning the status of the arbitration proceedings. Because it appears Plaintiff has abandoned this case, and because Plaintiff was warned that his failure to respond would result in a recommendation of dismissal of this action, this case should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)." Ciosek v. Ashley, No. 3:13CV147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent

power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In addition, the local rules of this Court provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."  N.D. Fla. Loc. R. 41.1.  Because a show cause order was already entered, this case should now be dismissed for failure to prosecute and comply with court orders.  ECF Nos. 17, 18.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 5:25cv74-TKW-MAF

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**